**WILLIAMS v. READING CO.**

**Civ. A. No. 10287.**

United States District Court
E. D. Pennsylvania.

Sept. 27, 1951.

er a trial resulting in a verdict of $2,800 in favor of the plaintiff. The action is one under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries received by a railroad employee in the course of his employment.

On September 20, 1949, James N. Williams, plaintiff, was injured at or near the Valley Forge station of the defendant railroad company when, pursuant to orders of his foreman, he was in the act of crossing Number 4 track at a point which was some distance from where his section gang was working. He had been ordered to place torpedoes on Number 2 track to signal an on-coming train, not the one involved in this accident. As he started across, according to his testimony, he looked in both directions, saw nothing coming, then started up the stone ballast bank toward the track. His testimony was that the ballast gave way under him before he reached the track, that he was thrown off balance and while attempting to regain his balance was struck by a passenger train of the defendant company which came along Number 4 track. He testified that no signal was given by the passenger train. He had not been told that the passenger train was due on Number 4 track and he testified that his view was limited because of a curve in the track to a distance of one and a half to two city blocks. Plaintiff's contentions as to negligence were that defendant company did not furnish him with a safe place to work because of the alleged condition of the road bed, failure to warn him of the approaching train either directly or by whistle signal and finally that he was doing the duties of a flagman, for which position he was not qualified under the rules of the company as evidenced by the regulations introduced in evidence at the trial.

Defendant's main argument in support of his motion for judgment n. o. v. is that incontrovertible physical facts proved that the train was very close to the plaintiff when he started to cross the tracks; therefore, he must have entered the track without looking or, if he looked, he did not see what was obviously there to be seen.

Defendant's argument in this regard ignores completely plaintiff's testimony,

Herman B. Poul, Esq., and Meyer, Lasch, Hankin & Poul, all of Philadelphia, Pa., for plaintiff.

John R. McConnell, and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is before the Court on defendant's motion for judgment n. o. v. aft-

which the jury was free to believe, that after he slipped on the weak road bed he tottered off balance for an interval of eight or nine seconds. This, in and of itself, would be sufficient to preclude the application of the incontrovertible physical facts doctrine under these circumstances. Bearing the time factor in mind, the incontrovertible physical facts could at best only point to some contributory negligence on the part of the plaintiff.

The jury was free to believe that the defendant was negligent in failing to provide a safe place to work, i. e. it could have found that the road bed was weak and that condition caused the plaintiff to slip. It is possible, under the evidence, for the jury to have found that plaintiff did not look and that if he had looked he would have seen a train in the distance, but that, absent the weak road bed, he would have negotiated the crossing safely. This would certainly make the plaintiff guilty of contributory negligence, but it leaves to the jury the question of defendant's negligence in permitting a condition to exist which caused plaintiff to slip and place him in the position of danger. There is a further point the jury might have considered, that defendant was negligent in that the foreman, with specific knowledge that a train was due on Number 4 track, sent the plaintiff out on an assignment requiring him to cross the Number 4 track without telling him specifically that a train was due momentarily on that track.

Defendant argues that this was a sympathy verdict and in support of that position points out that the sum of $2,800 can be arrived at by multiplying the number of weeks in fourteen months (which was the period of disability claimed by the plaintiff) by $50 a week, plaintiff's wages. It is impossible, of course, to say how the jury arrived at its conclusion, but there are other possibilities just as likely as the one suggested by defendant. The jury might have allowed a much larger sum than $2,800, including a sum for pain and suffering as well as for permanence of the injury, and then reduced it by reason of contributory negligence. Or the jury might have found that the period of disability was much less than fourteen months, as was strenuously argued at the time of trial by defendant, and then added a sum for pain and suffering, with or without reduction for contributory negligence. Whatever the jury's method the result has ample support in the evidence and I am not at liberty, therefore, to disturb its findings.